Case 5:20-cv-00025   Document 1-4   Filed on 02/26/20 in TXSD   Page 1 of 14

Filed
1/10/2020 3:03 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2020CVI000072D4

CAUSE NO. _____

| | | |
|---|---|---|
| ALOHA GROUP, INC., <br> *Plaintiff,* | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | WEBB COUNTY, TEXAS |
| BERKLEY ASSURANCE COMPANY, <br> *Defendant.* | § § § § | 406 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Aloha Group, Inc. (hereinafter referred to as "Aloha Group" or "Plaintiff"), complaining of Berkley Assurance Company (hereinafter referred to as "Berkley" or "Defendant") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.  Plaintiff is a Texas corporation.

3.  Defendant Berkley Assurance Company is an insurance company engaging in the business of insurance in the State of Texas. Defendant may be served through the Texas Commissioner of Insurance at 333 Guadalupe, MC 112-2A, P.O. Box 149104, Austin, Texas 78714-9104, with further processing to 7233 East Butherus Drive, Scottsdale, Arizona 85260-2410.

EXHIBIT D

4.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.      Plaintiff seeks monetary relief exceeding $2,000,000. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.      The court has jurisdiction over Defendant Berkley because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.      Venue is proper in Webb County, Texas, because the insured property giving rise to this cause of action is situated in Webb County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.      Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required pursuant to TEX.INS. CODE § 542A.003. Notice was served on Defendant on November 11, 2019. Plaintiff has received a copy of such notice.

9.      Pursuant to TEX.INS. CODE § 542A.003(d) presuit notice is impracticable and therefore not required because Plaintiff has a reasonable basis to believe there is insufficient time to give presuit notice before the limitations period will expire.

10. All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

11. Any failures that may have occurred on behalf of Plaintiff have not prejudiced the Defendant in this case.

## VI.
## FACTS

12. Plaintiff is the owner of multiple commercial buildings located at 402 Grand Central Boulevard, Laredo, Texas 78045 and 410 Grand Central Boulevard, Laredo, Texas 78045 (the "Property"). The Property was insured by insurance policy number VUMA0094841, issued by Defendant Berkley (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

13. On or about May 21, 2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After becoming aware of the damages to their Property as a result of the storm, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy. Defendant assigned the claim to Verus Underwriting Managers ("VUM") to adjust the claim. VUM assigned the claim to file number 003800 (the "Claim").

14. After the claim was received and assigned, Defendant, through its agents, employees, and representatives, failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

15. Defendant failed to conduct a proper and thorough investigation of Plaintiff's Claim. Specifically, Defendant failed to include numerous areas of covered damages in their Property

valuation and relied on misrepresentations of the Policy and the Property damages as a basis for Plaintiff's claim denial. Defendant improperly denied Plaintiff's Claim.

16. Defendant acknowledged the occurrence of a large hail storm on May 21, 2017 in the vicinity of the Property and further acknowledged areas of hail-caused damages at the Property. Despite this, Defendant refused to identify the hail-caused damages at the Property as being covered losses. Defendant denied Plaintiff's claim on this basis despite being aware of the covered losses during their inspection.

17. Defendant retained third-party consultants such as Nelson Engineering to investigate Plaintiff's Claim. Defendant and their consultants made numerous misrepresentations, and overlooked and under-assessed the full scope of damages in their report.

18. Defendant's engineer had indicated that there were widespread deficiencies at the roofing on both buildings at the Property, including deterioration of the roof, areas of missing fasteners, and a lack of maintenance. Overall, Defendant's engineer indicated that the damages on the Property were unrelated to hail. Defendant relied on these misrepresentations and used them as a basis for the claim decision.

19. Defendant's engineer acknowledged hail damage on the roof but misrepresented that it was from a prior storm. The storm-damages from the May 21, 2017 loss were, or should have been, obvious to Defendant and its consultants from the outset of their investigation but were intentionally ignored and/or misrepresented in an effort to avoid liability under the Policy.

20. Defendant failed to provide Plaintiff with a proper explanation as to their conclusions and claim decision.

21. Defendant's adjusters made incorrect statements about Plaintiff's claim. Specifically, Defendant's adjusters falsely stated that Plaintiff's representatives agreed that the damages at the

Property were due to a prior storm. Plaintiff and their representatives never made such statements. This was brought to Defendant's attention, yet no action was taken to remedy this incorrect statement.

22. Further, Defendant's own prior evaluation of the Property, specifically for the newer building on the Property, completely contradicts their own findings and sheds light on their blatantly biased approach throughout the handling of Plaintiff's Claim. On January 31, 2017, less than four months prior to the reported wind and hail event, an inspection of the Property was completed by VUM on behalf of Defendant. The report contains date-stamped photos from the Property inspection as well as key findings about the condition of the roof. Specifically, the report indicates that the roof contained no physical damage, no structural deformation, no debris on the roof, good condition of the HVAC units and mechanical curbs, no previous repairs, no material/workmanship concerns, no reported leaks, satisfactory maintenance, and no need for repair. The report also generally concluded that the overall roof condition was in "better than average" condition. All these statements are in complete contradiction to Defendant's findings.

23. In relying on the report by their retained engineer, Nelson Engineering, Defendant claimed that the property had maintenance issues, deterioration, irregularities in the standing seams of the roof, deformed panel ribs, and other alleged findings, none of which Defendant claimed were attributed to hail damage. All these findings and allegations made by Defendant in the handling of the Claim completely contradict Defendant's own evaluation of the Property just months before the storm. This is all evidence of Defendant's misrepresentations and improper claim handling.

24. As a result of Defendant's acts and omissions throughout the entire handling of the Claim, Plaintiff was forced to retain their own qualified third-party consultants and estimators to perform an investigation of the Property.

25. Plaintiff's consultants conducted a thorough and proper Property inspection. Plaintiff's consultants identified numerous areas with substantial hail-caused damage. Further, Plaintiff's consultants were able to identify the damage as a result of a recent hail storm.

26. Plaintiff's consultants identified fractures and indentations in the Property's roof that was beyond cosmetic and instead affected the roof's functionality, which was a fact Defendant refused to acknowledge.

27. Plaintiff's consultants investigated the Property numerous times to ensure they were conducting their inspection in a thorough manner. Additionally, Plaintiff's consultants reviewed numerous materials, including Defendant's reports and estimates, prior to their inspections. These materials helped Plaintiff's consultants reach a more accurate valuation of the Property damages.

28. Through Plaintiff's reports, Defendant was then put on notice of the actual damages at the Property and became aware of the covered losses that were omitted in their prior valuation of damages. Despite this, Defendant refused to adjust their estimate. Defendant continued to deny Plaintiff's Claim on the basis of their prior incorrect information and conclusions.

29. Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

30.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper investigation or provide to Plaintiff a thorough estimate that incorporating the full extent of covered losses, and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

31.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence investigation of the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant failed to use any qualified adjusters and inspectors to conduct investigations of the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

32.     Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

33.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant continued to rely on

misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

34. Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Further, Defendant refused to further investigate the Claim despite being presented with multiple additional reports and estimates exhibiting the full extent of damages at the Property. Defendant ignored these reports and continued to rely on misrepresentations about the date of the Storm and subsequent Storm and covered perils under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

35. Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

36. Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

37. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendant at the

outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

38. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

39. Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

40. Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT BERKLEY

41. Defendant Berkley is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

42. Plaintiff reincorporates and realleges each and every preceding allegation as if fully set forth herein.

### A. Breach of Contract.

43. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Berkley. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff

injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

44.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

45.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

46.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

47.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

48.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to

Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

49. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

50. Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C. Prompt Payment Of Claims Violations.

51. The Claim is a claim under an insurance policy with Defendant Berkley of which Plaintiff gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant delayed proper investigation of this Claim and continued to conduct an inadequate analysis of the Claim. Further, Defendant failed to request specific information from Plaintiff despite the reasonable belief that the information would be required for their claim investigation. Defendant relied on inadequate information for their claim decision.;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Specifically, Defendant did not provide a proper decision of its acceptance or denial of the Claim within the proper time frame. Further, Defendant failed to provide a proper explanation of its reasons for the denial. Defendant also knowingly relied on misrepresentations in the denial of Plaintiff's Claim.; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendant has failed to provide full payment to Plaintiff as owed under the Policy. Specifically, Defendant has not paid any amount as owed for the Claim and continues to delay payment past the time constraints provided under the Texas Insurance Code.

52. Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

53. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff

## VIII.
## KNOWLEDGE

54. Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

55. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

*Aloha Group v. Berkley Assurance*      Page 12
Plaintiff's Original Petition

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

61. Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

62. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

63. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in

accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By: */s/ Hunter M. Klein*
HUNTER M. KLEIN
State Bar No.: 24082117
klein@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax